MEMORANDUM **
Loren Dean appeals the district court’s grant of summary judgment in favor of the IRS. Dean sued to recover on his claim for a refund for 1996 based on the carryback of his partnership share of Dean Securities’ loss for 1998. Dean alleges that summary judgment was improper because he raised a triable issue of fact as to whether he worked for Dean Securities for at least 500 hours during the 1998 tax year. Had Dean worked at least 500 hours, he would be deemed to have “materially participated” in Dean Securities activities, and the passive loss limitations in 26 U.S.C. § 469 would not apply. See 26 U.S.C. § 469; 26 C.F.R. § 1.469-5T(f)(4).
While Dean correctly asserts that § 1.469-5T(a)(l) allows him to establish “by any reasonable means” that he worked at least 500 hours, Dean’s evidence does not amount to such reasonable means, and no reasonable factfinder could find that he met his burden of proof. See F.T.C. v. Cyberspace.Com LLC, 453 F.3d 1196, 1201 (9th Cir.2001). While “this temporary regulation is somewhat vague regarding the records that a taxpayer must maintain to prove hours of participation, [the tax court] uniformly has held that the regulations do not permit a post-event ‘ballpark guesstimate’.” See, e.g., D'Avanzo v. United States, 67 Fed. Cl. 39, 42 (Ct.Fed.Cl.2005) (citing cases). Dean’s tepid assertion at his deposition that he “[m]ight well have [worked at the brokerage for more than 500 hours], but [he] can’t say for sure,” and his brother’s declaration that it is his “recollection that Loren Dean spent more than 500 hours in the Dean Securities office,” are just such ballpark estimates, at best.
Neither did the district court abuse its discretion in denying Dean’s motion for reconsideration. Dean’s illness at the time the opposition to the motion for summary judgment was prepared does not amount to exceptional circumstances requiring the court to invoke Fed. R. Civ. P. 59(e)’s “extraordinary remedy.” See Kona Enters., Inc. v. Bishop, 229 F.3d 877, 890 (9th Cir.2000). The cases cited by Dean are distinguishable on their facts, but more importantly involve default judgments, which do not implicate the same interest in judicial finality as judgments such as this one on the merits. See, e.g., TCI Group *457 Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir.2001). Finally, because Dean’s two substantive claims fail, so too does his claim that the district court erred in awarding costs.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.